## STATE v. SOUTHERN POSTER EXCHANGE CO., Inc.*
### No. 14368.

Court of Appeal of Louisiana. Orleans.
Dec. 19, 1932.

Frank P. Kreiger, of New Orleans, for appellant.

Chas. Rivet, of New Orleans, for the State.

WESTERFIELD, J.

The state of Louisiana claims in this proceeding a license tax for the years 1930, 1931, and 1932 in the aggregate amount of $340 together with the customary penalties in the form of interest and attorney's fees.

There was judgment below as prayed for and defendant has appealed.

The question for determination is whether the character of the business transacted by the defendant corporation is that of retail dealer, as defendant contends, and taxable under section 8 of Act No. 205 of 1924 (The License Law) or whether its business is unclassified by the act and taxable under the omnibus clause in section 25.

The president of the defendant company, the only witness in the case, describes his business as that of buying posters or display advertising from the larger moving picture theaters and selling it to smaller theaters, with the understanding that, if the advertising be returned in good condition, within a certain time, an allowance, the amount of which is not shown, will be made as a credit upon other purchases. It is the contention of the state that these so-called sales in reality are leases because of the privilege extended the buyer of returning the merchandise and receiving a credit therefor. With this view we are not in accord and find little or nothing in the transaction under discussion which would identify it as a contract of lease. There is no retention of ownership as would be the case if the posters were rented. There is no stipulated rental and none of the usual features which distinguish the contract of lease. The fact that the vendee may, within a certain period of time, return the advertising, and receive a credit on other purchases does not make the transaction a lease. The purchaser of the advertising is the absolute owner of it while it is in his possession and he is under no obligation whatever to return it. He may do so if it suits his purpose and receive a credit against further purchases. The transaction is a sale by retail and the

defendant should be taxed under section 8 of Act No. 205 of 1924.

 It appears that the gross sales for the year 1929, the year upon which the license of 1930, under the law, is based, have not been proven, but we find that in the rule taken by the tax collector, which, in the absence of countervailing proof, must be accepted prima facie (Act No. 148 of 1906), it is alleged that defendant's receipts for that year were more than $6,000 and less than $8,000, consequently the tax due for that year should be $10.

Defendant's receipts for the year 1930 were $7,288.10, consequently its tax for 1931 should be $10.

Defendant's gross sales for the year 1931 were $24,740.14 and its tax for 1932 should be $25.

For the reasons assigned the judgment appealed from is amended by reducing the amount awarded from $340 to $45, together with 2 per cent. interest per month on $10 from March 1, 1930, and like interest per month on $10 from March 1, 1931, and like interest per month on $25 from March 1, 1932, and as thus amended, it is affirmed.

Amended and affirmed.